UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Whatley, ) | C/A No. 6:07-1304-JFA-WMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Dan Wideman (Sheriff); and ) | |
| Brandon Strickland (Inv.), ) | **Report and Recommendation** |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Willie Whatley (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Greenwood County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names Greenwood County Sheriff Dan Wideman and Greenwood County Investigator Brandon Strickland as Defendants. Plaintiff, who requests injunctive relief, claims the Defendants violated his Fifth and Fourteenth Amendment Constitutional Rights by questioning Plaintiff without the benefit of *Miranda* rights and by altering a statement Plaintiff gave in his state criminal case. Since the Plaintiff is seeking federal equitable relief with regard to ongoing state criminal proceedings, this Court should abstain from acting herein.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff alleges that, on September 30, 2006, Defendant Strickland, under the authority of Defendant Wideman, took a statement from Plaintiff without first advising Plaintiff of his *Miranda* rights. Plaintiff also states Defendant Strickland had Plaintiff sign " a lot of papers" without advising Plaintiff "of what I was signing." Plaintiff was subsequently arrested on October 4, 2006, by Defendant Strickland and charged with Murder. Plaintiff further claims that Defendant Strickland added and/or deleted facts from Plaintiff's initial statement to "make it sound like he wanted it to sound and not the statement that i [sic] gave in the beganing [sic]." Plaintiff attaches to his Complaint a statement which he claims is the original, unaltered version. Plaintiff asks this Court to compel Defendant Strickland to use the "unaltered" statement in Plaintiff's trial and further asks the Court to enjoin both Defendants "from any further violations of the United States Constitution" or from "causing any inordinate delay in holding a trial in my case." Plaintiff also requests that a reasonable bond be set in his case.

## Discussion

Plaintiff's Complaint asks this Court to "issue an order to Det. Strickland, Sheriff Dan Wideman and to the entire staff with the Greenwood County Solicitor's Office and the 8th Circuit Court of General Sessions to refrain themselves from any further violations of the

3

United States Constitution. . ."[2]  Thus, Plaintiff seeks an Order from a federal court to enjoin certain actions in a pending state criminal case.  In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances.  *Younger v. Harris*, 401 U.S. 37 (1971); *see Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43-44.

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff's Complaint states that he is currently detained, pending trial, on the charge of Murder.  Clearly an ongoing state criminal proceeding exists, therefore, the first abstention prong is satisfied.  The second criteria, implication of important state interests, is also satisfied since South Carolina's administration of its criminal justice system "free from federal interference is one of the most powerful considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

---

[2]To the extent Plaintiff may be seeking mandamus relief in regards to compelling Defendant Strickland to use a certain statement at trial and ordering the 8th Circuit Court of General Sessions to set a reasonable bond, his request should be denied.  Plaintiff fails to satisfy the burden established to qualify for mandamus relief. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)*(*the party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable); *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).

In discussing the third "adequate opportunity" criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  The United States Court of Appeals for the Fourth Circuit has likewise ruled that federal district courts should  should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989).   Plaintiff will have sufficient opportunity, during his state criminal action, to raise any issues he may have regarding the Defendants' purported unconstitutional behavior in taking and allegedly altering Plaintiff's statement.  Therefore, abstention is appropriate  and Plaintiff's Complaint should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court abstain from acting herein and dismiss the Complaint *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at  324-25.  Plaintiff's attention is directed to the important notice on the next page.

                                          Respectfully Submitted,

May 21, 2007                                    s/William M. Catoe
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).