IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Willie Whatley, ) | C/A No.: 6:07-1304-JFA-WMC |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| Dan Wildeman, Sheriff; and Brandon ) | |
| Strickland, investigator, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Willie Whatley, is pretrial detainee at the Greenwood County Detention Center. He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his Fifth and Fourteenth Amendments to the Constitution by questioning plaintiff without the benefit of *Miranda* rights and by altering a statement plaintiff made earlier in his state criminal proceedings.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should abstain from acting herein and dismiss the complaint without prejudice. The Magistrate Judge opines that because the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

plaintiff is currently detained while pending trial on state murder charges, that this court should not interfere with the plaintiff's state criminal proceedings. United States District Courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances which the plaintiff has failed to allege. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Further, the Magistrate Judge correctly suggests that the Mr. Whatley will have sufficient opportunity during his state criminal action to raise any issues he may have regarding defendants' alleged unconstitutional behavior. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 21, 2007. He did not filed timely objections[2] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

June 14, 2007
Columbia, South Carolina